# IN THE COURT OF APPEALS OF IOWA

No. 24-0652
Filed December 4, 2024

**SHERYL HERMANSTORFER,**
        Petitioner-Appellee,

**vs.**

**LENNOX INDUSTRIES, INC. and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,**
        Respondents-Appellants.
_____


        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.


        An employer appeals the district court's ruling on judicial review, which reversed the workers' compensation comissioner's calculation of weekly benefits. **AFFIRMED.**


        Gregory M. Taylor and Robert C. Gainer of Cutler Law Firm, P.C., West Des Moines, for appellants.

        James M. Ballard of Ballard Law Firm, PLLC, Waukee, for appellee.


        Heard by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Lennox Industries, Inc. and Indemnity Insurance Company of North America[1] appeal the district court's ruling on judicial review, which reversed the workers' compensation commissioner's calculation of weekly benefits. Upon our review, we affirm.

## I.    *Background Facts and Proceedings.*

In 1994, Sheryl Hermanstorfer (Hermanstorfer) started working at Lennox Industries. Sometime between then and 2019, she was assigned to coil work, which she testified "is usually scheduled about fifty-eight hours a week." But in the months leading up to August 2019, Hermanstorfer took time off pursuant to the Family Medical Leave Act (FMLA) for a personal health condition, which reduced her hours and therefore earnings.[2] On August 21, 2019, Hermanstorfer suffered

---

[1] Indemnity Insurance Company of North America is Lennox's insurance carrier and a respondent in this action. Because the two parties are jointly represented by the same counsel and share a position, we collectively refer to them as "Lennox" for convenience.

[2] Hermanstorfer's average hours for the weeks preceding the injury included substantial FMLA leave. The shaded rows represent the weeks that were excluded by the commissioner, and the bolded rows are those the court found on judicial review should also have been excluded. The remaining unshaded rows are those used to then calculate Hermanstorfer's earnings.

| Date | Total Hours | Total with FMLA | Regular Pay | Vacation Pay | FMLA Taken |
|---|---|---|---|---|---|
| 3/10/2019 | 0 | 40 | 0 | 0 | 40 |
| 3/17/2019 | 0 | 48 | 0 | 0 | 48 |
| 3/24/2019 | 0 | 48 | 0 | 0 | 48 |
| 3/31/2019 | 44 | 54 | 40 | 4 | 10 |
| 4/7/2019 | 46.08 | 61.05 | 38.08 | 8 | 14.97 |
| 4/14/2019 | 59 | 76 | 33 | 26 | 17 |
| 4/21/2019 | 18 | 34 | 18 | 0 | 16 |
| **4/28/2019** | **33** | **41** | **17** | **16** | **8** |
| 5/5/2019 | 51.02 | 71 | 23.02 | 28 | 19.98 |
| 5/12/2019 | 41 | 55 | 41 | 0 | 14 |
| **5/19/2019** | **31** | **42** | **22** | **12** | **8** |

an injury at work while pulling out a tub of copper. The endpiece on the tub broke, and Hermanstorfer fell backwards onto the concrete and hit her head. In the months immediately after the injury, Hermanstorfer reported several symptoms, such as headaches, "blurred vision, dizziness," "sleep disturbances, cognitive complaints, balance problems, mood disturbance and memory impairment."

In October 2021, she petitioned for arbitration and medical benefits. After a hearing, the deputy commissioner partially granted her petition, determining Hermanstorfer suffered a permanent injury and was entitled to benefits. But while it excluded certain weeks when calculating her average weekly wage (AWW), it declined to exclude every disputed week. Instead, it found that Hermanstorfer's frequent taking of FMLA leave "established a pattern" of reduced hours "between [thirty-two] and [fifty-one] hours per week." Hermanstorfer appealed, alleging that an additional five weeks in which she took FMLA were not representative and should be replaced with more typical earnings. The commissioner affirmed the deputy commissioner's original calculations. Hermanstorfer petitioned for judicial

| 5/26/2019 | 0 | 0 | 0 | 0 | 0 |
|-----------|-----|-----|-------|-----|------|
| **6/2/2019** | **34** | **42** | **18** | **16** | **8** |
| **6/9/2019** | **32** | **32** | **24** | **8** | **8** |
| **6/16/2019** | **32** | **40** | **16** | **16** | **8** |
| 6/23/2019 | 37 | 45 | 29 | 8 | 8 |
| 6/30/2019 | 27 | 43 | 27 | 0 | 16 |
| 7/7/2019 | 10 | 26 | 10 | 0 | 16 |
| 7/14/2019 | 48 | 58 | 40 | 8 | 10 |
| 7/21/2019 | 47 | 50 | 47 | 0 | 3 |
| 7/28/2019 | 42.02 | 52 | 42.02 | 0 | 9.98 |
| 8/4/2019 | 25 | 43 | 25 | 0 | 18 |
| 8/11/2019 | 22.5 | 35 | 22.5 | 0 | 12.5 |
| 8/18/2019 | 40 | 40 | 40 | 0 | 0 |

review. The district court reversed the commissioner's decision, finding its inclusions of certain weeks in which Hermanstorfer took FMLA in its AWW calculations were "illogical, irrational, and wholly unjustified." Lennox appeals.

## II. Review.

We apply the standards set forth in Iowa Code chapter 17A (2023) to this judicial review action. *Chavez v. MS Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022). "[W]e review the commissioner's interpretation of Iowa Code chapter 85 for correction of errors at law." *Id.* (citation omitted). "Accordingly, we reverse only if the commissioner's application [of the law to the facts] was irrational, illogical, or wholly unjustifiable." *Mercy Med. Ctr. v. Healy*, 801 N.W.2d 865, 870 (Iowa Ct. App. 2011) (citation omitted).

## III. Discussion.

Lennox challenges the district court's finding that the commissioner erred when determining Hermanstorfer's AWW. Instead, it argues that the commissioner did not misapply the law when declining to exclude certain weeks in its calculations.

When we calculate "the weekly earnings of the injured employee at the time of the injury," we look to chapter 85 (2019). *See* Iowa Code § 85.36. "Weekly earnings" are defined as those the employee would have earned had he or she "worked the customary hours for the full pay period." *Id.* § 85.36. In the case of Hermanstorfer, who is an hourly employee, we consider the thirteen weeks preceding the injury, excluding any weeks that do "not fairly reflect the employee's customary earnings" from the calculations. *Id.* § 85.36. As to the meaning of "customary," Iowa courts have previously defined it as "based on or established by

custom"; "commonly practiced, used or observed"; or "usual." *See Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 199 (Iowa 2010) (citation omitted). In interpreting section 85.36, "we attempt to give effect to the general assembly's intent in enacting the law." *See Griffin Pipe Prods. Co. v. Guarino*, 663 N.W.2d 862, 864 (Iowa 2003). "With respect to the workers' compensation statute in particular, we keep in mind that the primary purpose of chapter 85 is to benefit the worker and so we interpret this law liberally in favor of the employee." *Id.* at 865; *see also Jacobson*, 778 N.W.2d at 200 ("[W]orkers' compensation statutes are to be interpreted and applied liberally and flexibly for the benefit of the worker.").

The district court found that the commissioner misinterpreted section 85.36 when it failed to exclude the additional five weeks from its calculations. Lennox argues this essentially establishes "a bright-line rule that automatically excludes all weeks where the employee had missed any part of any week for personal reasons." But this is incorrect. We have already previously found that based on a plain reading of section 85.36, "the legislature has determined absences of a personal nature are not to diminish an employee's 'customary earnings'; instead, the employee is to be reimbursed in 'the amount the employee *would have earned had the employee worked when work was available to other employees of the employer in a similar occupation.*'" *Healy*, 801 N.W.2d at 872. "[W]hat earnings are customary will depend on the specific facts of each case," not on whether the employee took any personal leave at all. *See Jacobson*, 778 N.W.2d at 199–200.

Prior to her taking FMLA for personal reasons, Hermanstorfer testified that she worked nearly sixty hours per week. Even during her use of FMLA, she still

frequently worked over forty hours. But the commissioner included any week in which Hermanstorfer worked thirty-two hours or more. The commissioner's decision to essentially create a thirty-two-hour cut off penalized Hermanstorfer for having to take personal leave, which directly conflicts with the legislature's intent to benefit the employee. *See Healy*, 801 N.W.2d at 872; *Jacobson*, 778 N.W.2d at 200. We find the decision to impose an arbitrary cut-off point that was "far afield from [Hermanstorfer's] usual earnings" was "irrational, illogical, [and] wholly unjustifiable." *Jacobson*, 778 N.W.2d at 200; *Healy*, 801 N.W.2d at 872. Instead, the commissioner should have made "a careful and thorough consideration of [Hermanstorfer's] earnings" in the weeks leading up to her injury and throughout her entire career at Lennox. *Jacobson*, 778 N.W.2d at 200. We therefore affirm the district court's decision on judicial review.

### IV.    *Disposition.*

Because the commissioner erred in its interpretation of section 85.36 and the district court was correct in reversing such misapplication, we affirm the district court's ruling on judicial review.

**AFFIRMED.**